UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN PECK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 20-cv-2098-JBM |
| ) | |
| JEFFREY HOCKADAY and DECATUR ) | |
| POLICE DEPT. , *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, currently a pretrial detainee at the Macon County Jail ("Jail'), is proceeding *pro se*, on a complaint filed pursuant to 42 U.S.C. § 1983. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On February 28, 2019, Plaintiff was at the residence of another when Defendant Hockaday, a detective with the Decatur Police Department entered, pursuant to a search warrant. Plaintiff claims, confusingly, that the warrant identified Jimmy Wilder as the occupant of the residence, even though Defendant Hockaday knew that Mr. Wilder did not live there. When Defendant entered, however, Mr. Wilder was there, as was Plaintiff. Plaintiff claims that he was

arrested on unspecified drug charges, alleging that this was done despite that there was no evidence of drugs or marked money on the premises.

Plaintiff claims that Defendant obtained the search warrant by filing a complaint which falsely alleged that Plaintiff had been a party to a controlled drug buy. The Court notes that the warrant which issued, however, did not concern Plaintiff but rather, the premises occupied by Mr. Wilder. Plaintiff does not plead any facts regarding the circumstances of his arrest or anything to indicate that it was not based on probable cause. Notwithstanding, Plaintiff claims that Defendant violated his Fourth Amendment rights through false arrest, false imprisonment and malicious prosecution. He claims, further, that Defendant arrested him in retaliation for Plaintiff having won an appeal in a different case Defendant had brought against him. Plaintiff also claims violations of his Fourteenth Amendment due process and equal protection rights, and a vague claim of violation of his *Monell* rights.

False arrest and false imprisonment are not viewed as two distinct claims as they "overlap; the former is a species of the latter." *Wallace v. Kato,* 549 U.S. 384, 388 (2007). "The essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Meerbrey v. Marshall Field and Co, Inc.,* 564 N.E.2d 1222, 1231 (Ill. 1990) (Internal citations omitted). In order to establish Fourth Amendment claims, Plaintiff must sufficiently plead that "there was no probable cause to believe that he had committed a crime and that the arresting officers knew that the arrest warrant was issued without probable cause." *Williamson v. Curran*, 714 F.3d 432, 444 (7th Cir. 2013).

Here, Plaintiff does not identify the reason for which the warrant issued for Wilder's residence and fails to plead that it issued without probable cause. He also fails to plead any details as to his own arrest so as to support lack of probable cause there. If Defendant had probable cause to search the premises and, while on the premises found probable cause to arrest Plaintiff, a false arrest claim will not lie. "The existence of probable cause to arrest a suspect for any offense, even one that was not identified by the officers on the scene or in the charging documents, will defeat a Fourth Amendment false-arrest claim." *Sroga v. Weiglen,* 649 F.3d 604, 608 (7th Cir.2011); *Fernandez v. Perez,* 937 F.2d 368, 370 (7th Cir.1991) ("the existence of probable cause for an arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment or malicious prosecution.") Internal citation omitted.

Plaintiff also alleges a Fourth Amendment claim of malicious prosecution. A federal claim for malicious prosecution is more properly styled as a claim for unlawful pretrial detention. *Lewis v. City of Chicago*, 914 F.3d 472, 474–75 (7th Cir. 2019). *See* also, *Allen v. Utreras*, No. 17-2144, 2018 WL 8261309, at *1 (N.D. Ill. Nov. 9, 2018). "[I]n 2017 the Supreme Court reversed the Seventh Circuit's decision rejecting a Fourth Amendment malicious prosecution claim and held that 'the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process.'" *Id*. citing *Manuel v. City of Joliet*, 137 S. Ct. 911, 920 (2017). False imprisonment ends when the complainant is held pursuant to process, as through arraignment. After that, the action is one for malicious prosecution. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Wallace,* 549 U.S. at 389-90 (internal citations omitted).

A Fourth Amendment claim unlawful pretrial detention will not accrue, however, until the favorable termination of the detention. *McDonough v. Smith*, 139 S. Ct. 2149, 2160 (2019). *See Manuel*, 903 F.3d at 670 ("[t]he wrong of detention without probable cause continues for the duration of the detention. That's the principal reason why the claim accrues when the detention ends.") As Plaintiff remains in custody, his Fourth Amendment claims as to unlawful pretrial detention is dismissed as untimely. This dismissal is without prejudice to Plaintiff reasserting if the detention ends in his favor.

Plaintiff also alleges retaliation as when Defendant arrested him, he told others that even though Plaintiff had beaten him in an appeal, he wouldn't beat him again. To establish First Amendment retaliation, Plaintiff must successfully allege that; (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was a "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Plaintiff has failed to affirmatively plead, however, that there was lack of probable cause for his arrest. If there were probable cause for the arrest, Plaintiff may not assert retaliation as a motivating factor. *See Spiegla v. Hull,* 371 F.3d 928, 942 (7th Cir. 2004) (if the same action would have occurred regardless of the retaliatory motive, the claim will fail.)

Plaintiff also alleges due process violations based on these same facts. It has been found that characterizing a claim of false arrest as a due process violation "is an improper attempt by Plaintiff to state a due process claim 'by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment.'" *McCann v. Mangialardi,* 337

F.3d 782, 786 (7th Cir.2003); *Brooks v. City Chicago,* 564 F.3d 830, 832 (7th Cir. 2009) (affirming dismissal of due process claim based on false arrest). *See also, Lewis*, 914 F.3d at 474–75 ("the Fourth Amendment, not the Due Process Clause, governs a claim for wrongful pretrial detention.) The Fourteenth Amendment due process claim is DISMISSED with prejudice.

Plaintiff also asserts an equal protection violation, claiming only that he is a member of a minority. "The Equal Protection Clause of the Fourteenth Amendment most typically reaches state action that treats a person poorly because of the person's race or other suspect classification… A class-of-one claim need not allege discrimination based on a suspect classification, but must allege that the plaintiff was singled out arbitrarily, without rational basis, for unfair treatment." Here, Plaintiff offers nothing to support that Defendant's alleged actions were racially motivated, particularly as he has claimed that Defendant acted in retaliation for Plaintiff's successful disposition of prior criminal charges brought by Defendant. This claim is DISMISSED as unduly vague.

Plaintiff also makes the bare claim that his *Monell* rights have been invited violated. *Monell* allows municipality liability to attach where a municipality's policy or practice causes constitutional injury. Here, Plaintiff makes no mention of unconstitutional policies or practices and fails to plead a Monell claim which might otherwise be directed against the Decatur Police Department. He fails, in fact, to address any allegations against the Decatur Police Department, merely naming it in the caption. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998) (merely naming a defendant in the caption is insufficient to state a claim). The *Monell* claim and Defendant Decatur Police Department are DISMISSED.

In his prayer for relief, Plaintiff requests money damages and that certain evidence be produced. He has not, however, pled any physical injury, alleging only psychological injury and pecuniary loss. Plaintiff is proceeding under 42 U.S.C. § 1997(e)e which provides:

(e) Limitation on recovery

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18.

*See also*, *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997). Plaintiff may not recover compensatory damages based on the injuries alleged. While he might otherwise be entitled to nominal or punitive damages, he has not requested this relief. He will, however, be given an opportunity to amend.

**IT IS THEREFORE ORDERED:**

1.   Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Defendant Decatur Police Department is DISMISSED.

2.   Plaintiff files [5], a motion for recruitment of *pro bono* counsel. Plaintiff provides a list of 16 law firms indicating that he has contacted all of them but does not reveal the responses he has received. In the Court's experience, many of these law firms would, at a minimum, respond even if declining the representation. [5] is DENIED as Plaintiff does not document a good faith effort to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55

(7th Cir. 2007). In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

| | |
|---|---|
| 10/20/2020 | s/ Joe B. McDade |
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |